ANDREW F. SHELDON, Respondent, *v.* ANNA G. MIRICK et al.,
as Administrators, etc., Appellants.

The finding of a referee, in proceedings by the committee of the person and
estate of an habitual drunkard, for leave to sell his real estate for the
payment of his debts, that a claim presented is a valid and subsisting
debt against the drunkard for an amount stated, is not a judgment within
the meaning of the Code of Civil Procedure (§ 376), nor does the con-
firmation of the report or the entry of the order of confirmation in the
proper clerk's office make it a judgment. The finding is simply an
incident to aid the court in the determination of the question as to the
propriety of directing a sale.

Accordingly *held,* that such a finding was not conclusive upon the com-
mittee, and that, in an action upon the claim, the plaintiff was required
to prove the same by proper evidence, and the defendant was entitled
to make any defense thereto upon the merits.

*Sheldon* v. *Mirick* (70 Hun, 41), reversed.

(Argued January 18, 1895; decided January 29, 1895.)

APPEAL from judgment of the General Term of the
Supreme Court in the fifth judicial department, entered upon
an order made June 23, 1893, which affirmed a judgment in
favor of plaintiff entered upon the report of a referee.

The plaintiff in this action sues as the assignee of certain
attorneys for the purpose of recovering the sum of $1,050,
with interest thereon from the 17th day of August, 1885.
The cause of action of which plaintiff is assignee consists of
certain claims made by the assignors, the attorneys, for pro-
fessional services and for moneys paid out, to and for the use
of the defendants' intestate, Nelson R. Mirick and his com-
mittee, from 1876 to March 22, 1883, to the amount of
$2,906.58, upon which there was a credit of $1,756.61, leaving
a balance of $1,149.99; but the claim of the plaintiff was
limited to the sum of $1,050, as above stated, that being the
amount which he alleged he paid for the claim of the assign-
ors. The action, as claimed by the plaintiff, may be described
as either, *First,* an action upon a judgment; or, *second,* an
action for money paid; or, *third,* an action for work, labor,

etc. It is said that the complaint states all the facts, and is broad enough to cover any and all of these actions.

The answer set up a general denial as one defense and the six years Statute of Limitations as another. The case was referred and the referee found in favor of the plaintiffs. It appears from his report that the action was commenced on the 18th of November, 1890. That on the 3d of April, 1884, Mirick, the defendants' intestate, was duly adjudged to be an habitual drunkard by an order of the County Court of Wayne county, and a committee duly appointed of his person and his property, which committee duly qualified and performed the duties of committee until the death of Mirick, which occurred on the 8th day of March, 1886, and letters of administration were granted to the defendants herein. On the 1st of May, 1884, this committee presented a petition to the County Court for leave to sell certain real property of their ward, Nelson R. Mirick, for the payment of his debts, the petition alleging that the interests of their ward would be promoted by the sale of the real property described in the petition. Upon the presentation of the petition a referee was appointed to inquire into the merits of the application and to hear the allegations and proofs of all parties interested in the property or who were otherwise interested in the application and to report to the court. Upon that hearing before the referee the claim of the attorneys referred to in the complaint was set out in a bill of particulars and presented and proved before the referee, and the referee in giving a list of the creditors of said Mirick reported that there was the sum of $1,149.99 unpaid upon the claim of the attorneys and that the same was a valid and subsisting debt against the said Mirick. In addition the referee in this action finds separately as a fact that on the 16th day of June, 1884, a claim to the above amount was due from Mirick to the attorneys and that on that last-named day a final order was made by the county clerk of Wayne county approving and affirming the report of the referee and that no part of this sum has been paid by said Mirick or the defendants. And the referee also finds the fact of the payment by

the plaintiff of the amount above stated and that the attorneys duly assigned their claim to a third person, who duly assigned to the plaintiff. Among other conclusions of law the referee found that on the 16th day of June, 1884, the claim of the attorneys was duly adjudged a valid and subsisting debt against Nelson R. Mirick and that the said adjudication was a judgment within section 376 of the Code of Civil Procedure. Judgment was entered and upon appeal affirmed by the General Term and the defendants have appealed here.

*E. W. Hamm* for appellants. The court below was in error in holding that the order of June 16, 1884, confirming the referee's report in special proceedings, instituted by the committee of Nelson R. Mirick for the sale of real property for the payment of debts, etc., declaring the claim set forth in the complaint herein to be a valid and subsisting claim against said Nelson R. Mirick in the amount of $1,149.98, was a judgment within section 376 of the Code of Civil Procedure. (*Schneider* v. *McFarland*, 2 N. Y. 463; *Dobson* v. *Pearce*, 12 id. 155; *Barnard* v. *Onderous*, 98 id. 158; *Ferguson* v. *Broome*, 1 Bradf. 10; *Raynor* v. *Gordon*, 23 Hun, 265; *Sharp* v. *Freeman*, 45 N. Y. 802; *Osgood* v. *M. Co.*, 3 Cow. 612; *Ludlow* v. *Wade*, 5 Ohio, 508; *Dunham* v. *Reilly*, 110 N. Y. 371–373.) The appellants insist that even in case this order of June 16, 1884, be in the nature of a judgment as claimed, then and in that event the plaintiff could not maintain this action. (*H. Ins. Co.* v. *Tomlinson*, 3 Hun, 631; *Dunham* v. *Reilly*, 110 N. Y. 371–373; *Dobson* v. *Pearce*, 12 id. 156; *Ludlow* v. *Wade*, 5 Ohio St. 508.) The judgment of the court below should be reversed, because it adjudged the defendants, administrators of Nelson R. Mirick, deceased, to pay $190.93 for the costs and disbursements of the plaintiff in this action. (*Butler* v. *Johnson*, 111 N. Y. 212; *Burnett* v. *Noble*, 5 Redf. 69; *Bloodgood* v. *Bruen*, 8 N. Y. 362; *Bucklin* v. *Chapin*, 1 Lans. 443, 448; *Wilcox* v. *Smith*, 26 Barb. 335; *Fliess* v. *Buckley*, 90 N. Y. 292.) The referee erred in finding, as a conclusion of law, "that

the relation of attorney and client existed between John H. Camp and Nelson R. Mirick in the case of *Bradley, Administratrix, etc.,* v. *Mirick,* within a period less than seven and a half years before the commencement of this action." (*Adams* v. *F. P. Bank,* 36 N. Y. 259.) The refusal of the referee to find, as a conclusion of law, "that the Statute of Limitations began to run upon all of the account of John H. Camp and Camp & Dunwell on May 5, 1883, at the latest, except the charge for services in the third application for the discharge of the committee of Nelson R. Mirick in 1883, amounting to $85," was against the law and evidence of the case, and erroneous. (*Adams* v. *F. P. Bank,* 36 N. Y. 255; *Hale* v. *Ard,* 48 Penn. St. 22; *Lichty* v. *Hugus,* 55 id. 434.) The referee's refusal to find, "that all of plaintiff's cause of action was barred by the Statute of Limitations before the commencement of this action, except the sum of $85 in the third application for the discharge of committee," was erroneous and against the law. (*Reynolds* v. *Collins,* 3 Hill, 36; *Butler* v. *Johnson,* 111 N. Y. 204; *Scovil* v. *Scovil,* 45 Barb. 522; *Wilcox* v. *Smith,* 26 id. 334; *Hale* v. *Ard,* 48 Penn. St. 22; *Lichty* v. *Hugus,* 55 id. 434; *Adams* v. *F. P. Bank,* 36 N. Y. 255.)

*T. W. Collins* for respondent. The plaintiff is entitled to any relief consistent with the case made by the complaint and embraced within the issue. (Code Civ. Pro. §§ 723, 1207; *Muldowney* v. *M. & E. R. Co.,* 42 Hun, 444.) This is an action on a judgment. (*Brazil* v. *Isham,* 12 N. Y. 9; *Brashear* v. *Van Coeltandt,* 2 Johns. Ch. 242; *Fisher* v. *Mayor, etc.,* 67 N. Y. 73; *In re Dept. Parks,* 73 id. 560; *Donnelly* v. *City of Brooklyn,* 121 id. 9; *Wilcox* v. *Wilcox,* 14 id. 575; *Davis* v. *Spencer,* 24 id. 386; *Hopkins* v. *Lee,* 5 Wheat. 109; *Pennington* v. *Gibson,* 16 How. [U. S.] 65; *Nations* v. *Johnson,* 24 id. 203; *Post* v. *Neafie,* 3 Caines, 22; *Strange* v. *Longley,* 3 B. Ch. 650; *Weed* v. *H. B. F. I. Co.,* 39 N. Y. S. R. 638; *Bolen* v. *Crosby,* 49 N. Y. 183.) The plaintiff stood in a fiduciary capacity. He could not take advantage of that

relation and it is not claimed that he did, but he would be entitled to reimbursement for moneys actually paid for the benefit of the trust, in the discharge of his duty. (*Hyland* v. *Baxter*, 98 N. Y. 610 ; *Brandon* v. *Brandon*, 4 T. & C. 385 ; *In re Dolph*, 29 N. Y. S. R. 64 ; *Carter* v. *Beckwith*, 128 N. Y. 312; *Lyons* v. *Munson*, 99 U. S. 634; *Smith* v. *Kernochan*, 7 How. [U. S.] 198 ; *Chew* v. *Brumager*, 13 Wall. 497 ; *Lorillard* v. *Clyde*, 122 N. Y. 41 ; *Bathgate* v. *Haskin*, 59 id. 533.) Costs were properly allowed plaintiff. (*Field* v. *Field*, 77 N. Y. 294 ; *Proude* v. *White*, 15 How. Pr. 304.) Plaintiff cannot attack the judgment collaterally. (*Hunt* v. *Hunt*, 72 N. Y. 217 ; *Brady* v. *Mayor, etc.*, 150 id. 599 ; *Bolen* v. *Crosby*, 49 id. 183 ; *Springer* v. *Birn*, 128 id. 99.) The niceties of common-law pleading no longer embarrass the practice. It is enough to state the facts. (*Fisher* v. *Mayor, etc.*, 67 N. Y. 73 ; *Hegerich* v. *Keddie*, 99 id. 258 ; *A. Ins. Co.* v. *Barnard*, 96 id. 525.) If the committee did not observe section 2364 of the Code the omission occurred after the final order was made, and so cannot affect it. (*McKyring* v. *Bull*, 16 N. Y. 297 ; *Masten* v. *Olcott*, 101 id. 152.)

Peckham, J. We think the referee in this action clearly erred in his conclusion of law that the finding of the referee in the special proceeding to sell the real estate of the habitual drunkard as to the amount of the claim of the attorneys was a judgment, or that it became a judgment upon the report of the referee being confirmed and the order of confirmation duly entered in the proper clerk's office. If that finding of the referee, when reported to and confirmed by the court, became a judgment within the meaning of the section of the Code above referred to, then this action was not barred by the Statute of Limitations; but in case that finding was not a judgment, and in case there is no judgment proved in this action, then there are probably some services set forth in the complaint and proved upon the trial which would come within the bar of the six years statute after allowing eighteen months immediately succeeding the death of defendants' intestate.

It is not necessary in the view we take of this case to examine with any great care the question how many of the items, or how large their extent, which come within the bar of the statute. By the proof, as given, we are satisfied that some portion of the claim would come within its bar, but just what proportion and the extent of the plaintiff's claim which would be thus barred it is not necessary to pick out from the various findings of the referee. These findings might be very different if there were no judgment upon which to base the action of the referee herein. It is plain that this action was sustained by the referee, as it has been by the General Term, upon the ground that the finding of the referee in the special proceeding above referred to was, in its character, a judgment, and that the Statute of Limitations applicable to judgments was the one to be applied in this case. We think this had no attribute of a judgment within the meaning of the Code (§ 376), or wherever the word "judgment" is used in that statute. A judgment, either interlocutory or final, is the determination of a court in an action, or, in addition to a judgment in an action, it may be within section 376 a decree for a sum of money, or directing the payment of a sum of money, rendered in a Surrogate's Court of the state. The determination in this proceeding was a mere incident, the hearing upon the petition being for the purpose of determining whether, upon all the facts as stated, it would be for the best interests of the ward that his real estate should be sold for the purpose applied for in the petition. To that end it was necessary and proper to institute an inquiry or investigation into the circumstances of the ward, the amount of his real estate, its value, where situated, how much incumbered and what debts he owed. But the finding of the referee upon such a reference, which was simply to aid the court in coming to a conclusion in regard to the propriety of granting the order for the sale of the real estate of the ward, was not such an adjudication of a fact as partook of the character or nature of a judgment within the meaning of the Code. It was really an adjudication which bound no one, and after it was found and the real estate sold and the money

in the hands of the committee, if from any change of circumstances or from facts coming to their knowledge there was, as they thought, a defense to the claim or to any portion of it, this finding of the referee would not stand in the way of the committee's defense upon the merits in an action brought to enforce the collection of the alleged debt. The committee could in such action show whatever defense there was to the claim and the owner of the claim would be compelled to prove the same by proper and common-law evidence. This adjudication could not be docketed as a judgment, no execution could be issued upon it, and no mandate of the court could issue in regard to it for the collection of the amount in favor of the claimant as upon a final adjudication and judgment upon the rights of the parties.

There being no judgment by virtue of the finding of the referee in the special proceeding, the error of the courts below in finding its existence was an error of law. The judgment below was really based upon it, and it is exceedingly doubtful as to what the findings of fact might or ought to be upon the merits of the case as to the other grounds when the plaintiff is deprived of the benefit of the judgment spoken of.

There must be a reversal of the judgment appealed from and a new trial, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.